IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDY BASS TRUSTEE OF THE ANDY BASS FAMILY TRUST, et al, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-17-006-R |
| TOUR 18 AT ROSE CREEK, L.P., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Upon review of the Notice of Removal, the Court finds insufficient factual allegations to support the assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332.[1] Defendant Tour 18 at Rose Creek, L.P., is not treated like a corporation under 28 U.S.C. § 1332(c)(1), but rather Defendant has an obligation to identify the citizenship of each of its partners rather than relying upon the allegation in the Petition that Defendant is a "limited partnership incorporated under the laws of the State of Texas with its principal place of business [ ] located in the State of Oklahoma." Petition ¶ 2. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (holding that the citizenship of a limited partnership is determined by the citizenship of each of its partners, both general and limited). The Notice of Removal contains no information concerning the citizenship of the partners, and therefore, fails to establish complete diversity of citizenship.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *Image Software, Inc. v. Reynolds & Reynolds Co.,*, 459 F.3d 1044, 1048 (10th Cir. 2006).

It is therefore ordered that Defendant shall file an amended notice of removal to allege the existence of diversity jurisdiction within five days of entry of this Order.[2]

**IT IS SO ORDERED** this 5th day of January, 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Defendant need not re-file the exhibits attached to the Notice of Removal.