**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

1. ANDY BASS TRUSTEE OF THE ANDY BASS FAMILY TRUST )
2. JEFFREY R. ATKINS )
3. LaDONNA L. ATKINS )
4. GAYLAN ADAMS )
5. DENNIS BATES )
6. RAYMOND CARTER )
7. SHERRI CARTER )
8. AARON CATES )
9. JULIE CATES )
10. EDDIE COIT )
11. CARY R. COKER TRUSTEE OF THE CARY R. COKER FAMILY TRUST )
12. FRANK COLLAMORE )
13. MICHAEL CURTIS )
14. ERIC DUBBELL )
15. STEVE ECKERD )
16. MATTHEW “TOM” EDWARDS )
17. CRAIG FERGUSON )
18. RAYMOND “RAY” FOSKIN )
19. DAVE FRANKENFIELD )
20. MIKE GRADY )
21. GAIL GRADY )
22. PENNY P. HAMMACK )
23. GARLAND T. “DUSTY” HAMMACK, JR. )
24. JOE HAYNIE )
25. DANIEL HEATON )
26. STEVEN D. HOEFNER )
27. DAVID E. HOWE and SANDRA R. HOWE, TRUSTEES OF THE DAVID E. AND SANDRA R. HOWE LIVING TRUST, )
28. CHRIS JAMES )
29. LEROY JAMES )
30. DR. KELLY KLONTZ )
31. DAVE KROPP )
32. MARIA KROPP )
33. KENNETH LANMAN )
34. RON LEE )
35. DEBBIE LEE )
36. BRYAN MORRIS )
37. ERIC MORRIS )

38. RONALD G. MOSS )
39. DEREK NEHER )
40. PETER PAPPAS )
41. SHELLEY PAPPAS )
42. SCOTT SABOLICH )
43. TIM SANDERS )
44. MARY ANN SANDERS )
45. DEVON SAUZEK )
46. MARCIA SAUZEK )
47. RON SKRASEK )
48. LEANNE SKRASEK )
49. TOM SOLLER )
50. KATHY SOLLER )
51. JOHN W. STEELE )
52. ROSE STEELE )
53. RYAN STONER )
54. WALT SWIDERSKI )
55. MONICA SWIDERSKI )
56. TIM TACKETT )
57. JASON THOMAS )
58. CHUCK TROUTMAN )
59. ARCO VAN ANTWERPEN )
60. KIM VAN ANTWERPEN )
61. DONNA WARD )
62. CURTIS WEST )
63. KAREN WEST )
64. JOHN WILLIAMS )
65. LISA WILLIAMS )
66. GARY WURDEMAN )
67. JUDY WURDEMAN )
68. JOHNNY YI, )

)

Plaintiffs, ) Case No. CIV-17-006-R

) (Formerly Oklahoma County Case No.

) CJ-2016-6608)

)

v. )

)

TOUR 18 AT ROSE CREEK, L.P. )

)
)
)
)

Defendant. )

**ANSWER AND COUNTERCLAIMS OF DEFENDANT TOUR 18 AT ROSE CREEK**

For its answer and counterclaims to Plaintiffs' Petition, Defendant states:

1. Defendant admits the allegations of Paragraph 1 of Plaintiffs' Petition.

2. Defendant admits it is a limited partnership incorporated under the laws of the State of Texas, but denies its principal place of business is in Oklahoma. Defendant's principal place of business is in Texas. Defendant denies all other allegations contained in Paragraph 2 of Plaintiffs' Petition.

3. Defendant denies the allegations of Paragraph 3 of Plaintiffs' Petition.

4. Defendant admits jurisdiction and venue are proper in the United States District Court for the Western District of Oklahoma, however if it is deemed the federal court lacks jurisdiction, then venue in Oklahoma is improper and the matter should be transferred to Harris County, Texas. Defendant denies all other allegations in Paragraph 4 of the Petition.

5. Defendant admits the allegations of Paragraph 5 of Plaintiffs' Petition.

6. Defendant admits it offered Master Memberships through a Master Members Agreement ("the Agreement") for $30,000.00 at the time it constructed a clubhouse at Rose Creek Golf course.[1] Defendant denies all other allegations contained in Paragraph 6 of Plaintiffs' Petition.

7. Defendant admits the Agreement contained certain benefits of master memberships, including some of those listed in the allegations of Paragraph 7 of Plaintiffs' Petition. Defendant denies any benefits were "lifetime" or permanent as the agreement could be terminated as deemed necessary by Defendant. In any event, the Agreement speaks for itself and, to the extent the allegations of Paragraph 7 of Plaintiffs' Petition are different or contrary to the terms of the

[1] The Plaintiffs' Agreements are identical.

Agreement, Defendant denies all other allegations contained in Paragraph 7 of Plaintiffs' Petition.

8. Defendant admits the allegations of Paragraph 8 of the Petition. The Agreement speaks for itself and authorizes Defendant to terminate the Agreement as it deems necessary.

9. Defendant denies all allegations contained in Paragraph 9 which are inconsistent with the Agreement. The Agreement speaks for itself.

10. Defendant admits the allegations of Paragraph 10 of the Petition.

11. Defendant admits the allegations of Paragraph 11 of the Petition.

12. Defendant admits the allegations of Paragraph 12 of the Petition.

13. Defendant denies the allegations of Paragraph 13 of the Petition.

14. Defendant denies the allegations of Paragraph 14 of the Petition.

15. Defendant denies the allegations of Paragraph 15 of the Petition. Defendant terminated the Agreements in accordance with the terms of the Agreement and club rules of the golf course.

16. Defendant denies the allegations of Paragraph 16 of the Petition. Defendant terminated the Agreements in accordance with the terms of the Agreement and club rules.

17. Defendant denies the allegations of Paragraph 17 of the Petition.

18. Defendant denies the allegations of Paragraph 18 of the Petition.

19. Defendant denies the allegations of Paragraph 19 of the Petition.

20. Defendant admits the allegations of Paragraph 20 of the Petition.

21. Defendant denies the allegations of Paragraph 21 of the Petition.

22. Defendant denies the allegations of Paragraph 22 of the Petition.

23. Defendant denies the allegations of Paragraph 23 of the Petition.

24. Defendant denies the allegations of Paragraph 24 of the Petition.

25. Defendant denies the allegations of Paragraph 25 of the Petition.

26. Defendant admits the allegations of Paragraph 26 of the Petition.

27. Defendant denies the allegations of Paragraph 27 of the Petition. Plaintiffs are not entitled to a declaration of determination as to any sale of the golf course.

28. Defendant denies the allegations of Paragraph 28 of the Petition.

29. Defendant denies it improperly terminated the Agreement as alleged in Paragraph 29 of the Petition and denies that its termination was wrongful. Defendant admits that following the termination, effective January 1, 2017, no contractual obligations on the part of any party remains post termination.

30. Defendant denies the allegations of Paragraph 30 of the Petition. Defendant will continue to suffer damages if Plaintiffs are permitted use of the Tour 18 facilities.

31. Defendant denies the allegations of Paragraph 31 of the Petition.

32. Defendant denies the allegations of Paragraph 32 of the Petition. An injunction is not warranted in this matter, as any purported injury may be recovered in damages, there is no irreparable harm to Plaintiffs, the balance of harms favors Defendant, and Plaintiffs are not likely to prevail on the merits of their claims, as the Agreements between the parties provides for Defendant to terminate the Agreements as it deems necessary, without any qualification.

WHEREFORE, Defendant demands judgment in its favor, that Plaintiffs take nothing by way of their Petition, and Defendant be awarded its costs, attorney fees, and such other relief as is just and proper.

## AFFIRMATIVE DEFENSES

33. Plaintiffs are barred from asserting their claims by the doctrine of estoppel.

34. Failure of consideration bars Plaintiffs' claims.

35. Plaintiffs' claims are barred by the statue of frauds.

36. Plaintiffs have waived the right to assert their claims.

37. Plaintiffs failed to mitigate their damages.

38. Plaintiffs' claims are barred by the doctrine of first breach. Plaintiffs' own misconduct caused any asserted loss or damage.

39. Plaintiffs have unclean hands in this matter. .

40. Plaintiffs have failed to mitigate their damages.

41. Plaintiffs' actions have created the impossibility or impracticability of Defendant's performance.

42. Plaintiffs' conduct caused the frustration of purpose of the Agreements.

43. Interference by Plaintiffs caused the losses alleged herein.

44. Defendant claims the right to setoff.

44. Defendant reserves the right to amend its affirmative defenses as discovery progresses in this matter.

## COUNTERCLAIMS

For its Counterclaims against Plaintiffs, Defendant/Counterclaimant alleges and states:

## JURISDICTION AND VENUE

1. Defendant is a Texas limited partnership with its principle place of business in Texas.

2. All Plaintiffs/Counterclaim Defendants are citizens of the State of Oklahoma and residents of Oklahoma County, Oklahoma.

3. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332, 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391.

## COUNT I
## INTERFERENCE WITH BUSINESS RELATIONSHIPS/ROSE CREEK POA

5. Defendant reasserts the allegations contained in Paragraphs 1 through 4 of these Counterclaims as if fully stated herein.

6. Defendant and Rose Creek Property Owners Association ("Rose Creek POA") are parties to an agreement whereby Rose Creek POA agreed to provide financial support to Defendant which includes collecting an annual fee from each property owner in the Rose Creek addition to be used by Defendant for construction, financing, operation, management, insuring, repair, remodeling, maintenance improvement, and replacement of the Association-Approved Golf Clubhouse, the Aquatic center and any other Association-Approved Improvement, which is operated by Defendant.

7. Upon information and belief, the Plaintiffs have wrongfully interfered with the contractual relationship between Defendant and Rose Creek POA by causing Rose Creek POA to breach its Agreement with Defendant and causing Rose Creek POA to falsely accuse Defendant of failing to comply the with the parties Agreement. Rose Creek POA has refused to pay the amounts due for the care and maintenance of the common areas at Rose Creek. The annual assessment equals $240,000.00.

8. Plaintiffs' interference was neither justified, privileged or excusable.

9. Defendant has been substantially damaged, in an amount in excess of $75,000, exclusive of interest and costs, as a result of Plaintiffs' interference.

10. Plaintiffs' actions were malicious, wrongful and willful. Defendant is entitled to punitive damages.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff, in an amount in excess of $75,000, plus its costs, attorney fees, costs and such other relief as is just and proper.

**COUNT II**
**INTERFERENCE WITH BUSINESS RELATIONSHIPS/NON-MASTERS MEMBERS AND PUBLIC PLAY PATRONS**

11. Defendant reasserts the allegations contained in Paragraphs 1 through 10 of these Counterclaims as if fully stated herein.

12. Plaintiffs have wrongfully interfered with and caused disruption and disharmony with regard to non-master members and interfered with Defendant's non-masters members' quiet enjoyment of golf course, club house and amenities of the same, and thus have interfered with the contractual relationship between Defendant and non-masters members.

13. Plaintiffs have discouraged potential new members from becoming members of the golf course, have complained to employees of the golf course about the presence of non-master regular members at the course and made non-master members unwelcome at club facilities.

14. Because of Plaintiffs actions and behaviors toward non-master members, the Defendant has not been successful in attracting new members to Rose Creek.

15. Defendant has been damaged by the Plaintiffs' conduct by potential members declining to join Rose Creek.

16. Plaintiffs interference is neither justified, privileged or excused.

17. Plaintiffs interference is malicious and wrongful.

18. Defendant has been substantially damaged, in an amount in excess of $75,000, exclusive of interest and costs, as a result if Plaintiffs' interference.

19. Plaintiffs' actions were malicious, wrongful and willful. Defendant is entitled to punitive damages.

20. Defendant has been damaged in excess of $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiffs, in an amount in excess of $75,000, plus its costs, attorneys' fees, and such other relief as is just and proper.

**COUNT III**
**INTERFERENCE WITH BUSINESS RELATIONSHIPS/PROSPECTIVE MEMBERS AND NON-MASTERS MEMBERS**

21. Defendant reasserts the allegations contained in Paragraphs 1 through 20 of these Counterclaims as if fully stated herein.

22. Plaintiffs have impeded Defendant's ability to retain existing members of Rose Creek through their malicious and wrongful statements to prospective members and non-master members regarding the relationship between Plaintiffs and Defendant and by inaccurate statements about Rose Creek causing Defendant to lose income from the prospective members and future profit as a result.

23. Plaintiffs interference is neither justified, privileged or excused.

24. Plaintiffs interference is malicious and wrongful.

25. Defendant has been substantially damaged, in an amount in excess of $75,000, exclusive of interest and costs, as a result if Plaintiffs' interference.

26. Plaintiffs' actions were malicious, wrongful and willful. Defendant is entitled to punitive damages.

27. Defendant has suffered damages in an amount in excess of $75,000, exclusive of interest and costs, as a result of Plaintiffs' wrongful and malicious conduct.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff in an amount in excess of $75,000, plus its costs, attorney fees, and such other relief as is just and proper.

**COUNT IV**
**DEFAMATION**

28. Defendant reasserts the allegations contained in Paragraphs 1 through 27 of these Counterclaims as if fully stated herein.

29. Upon information and belief, an unknown number of the Plaintiffs made false statements to non-masters members, to public play members and to prospective members, exposing Defendant to public contempt, hate, scorn and ridicule, including that Defendant wrongfully terminated Plaintiffs' Agreements and mismanaged the golf course.

30. The unknown number of Plaintiffs communicated the false statements to non-masters members, public play members, Defendant's staff, and prospective members.

31. The non-masters members, public play members, staff and prospective members reasonably understood the statements to be about Defendant.

32. The statements were false.

33. The unknown number of Plaintiffs did not exercise the care which a reasonably careful person would use under the circumstances to determine whether the statements were true or false; and,

34. The statements caused Defendant to suffer financial losses and damage to Defendant's reputation.

WHEREFORE, Defendant demands judgment in its favor and against Plaintiff in an amount in excess of $75,000, plus its costs, attorney fees, and such other relief as is just and proper.

Respectfully submitted,

s/Shannon F. Davies

Shannon F. Davies, Esq., OBA No. 13565
Johnny G. Beech, Esq., OBA No. 655
Courtney D. Powell, Esq., OBA No. 19444
9400 N. Broadway Extension, Suite 600
Oklahoma City, Oklahoma 73114
(405) 844-9900 (Telephone)
(405) 844-9958 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Thomas A. Paruolo, OBA No. 18442
Justin D. Meek, OBA No. 21294
Ryan L. Dean, OBA No. 21152
NELSON TERRY MORTON
DEWITT & PARUOLO
P. O. Box 13880
Oklahoma City, OK 73113
Telephone: (405) 705-3600
Fax: (405) 705-2573
tom@ntmdlaw.com
jmeek@ntmdlaw.com
rdean@ntmdlaw.com

**ATTORNEYS FOR PLAINTIFFS**

s/Shannon F. Davies