IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANDY BASS, TRUSTEE OF THE           )
ANDY BASS FAMILY TRUST, et al.,     )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )    CIV-17-6-R
                                    )
TOUR 18 AT ROSE CREEK, L.P.,        )
                                    )
            Defendant.              )

# ORDER

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction. (Doc. No 8).[1] Defendants responded in opposition to the motion and Plaintiffs filed a Reply in support of their request. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs each owned a Master Membership at the Rose Creek Golf Course, having purchased the same from either Defendant directly for $30,000.00 or from a Master Member who obtained the membership directly from Defendant. Defendant unilaterally terminated the Master Memberships effective January 1, 2017, via letter dated December 1, 2016.

> Due to numerous issues with the Master Members, Tour 18 at Rose Creek, LP deems it necessary to terminate this agreement.
> Pursuant to the last paragraph of the Masters Membership Agreement and the Rose Creek Rules and Regulations Resignation of Membership, Tour 18 at Rose Creek, LP is hereby terminating the Master Member Program effective January 1, 2017.

---

[1] Plaintiffs also requested a Temporary Restraining Order. The Court informed the parties during its January 12, 2017, that no such order would be granted, leaving only the issue of a preliminary injunction for resolution at this juncture.

> According to the last paragraph of the Master Membership Agreement, all of the original members have been amortized out based on our old family membership rate of $350.00 per month. July 15, 2009 through December 15, 2016 equals 89 months. 89 x $350.00 = $31,150.00.

The Master Member Agreement, which the parties agree were substantively identical for each of the Master Members, provided for a $30,000 payment in exchange for certain "lifetime" privileges at the Club. The agreement required that Tour 18 refund the entire amount in the event it "should sell, transfer, or otherwise dispose of the Rose Creek Golf Club, voluntarily or involuntarily." Master Member Agreement, p. 2. The Agreement contained the following provision regarding termination:

> Should Member's membership be terminated by Tour 18 at any point in time pursuant to the club rules as established and published by Tour 18, Member shall be entitled to a refund of his $30,000 less an amount equal to the number of months he has been a member multiplied by the monthly family dues members would have paid for a golf membership during the time period prior to his/her termination.

Master Member Agreement, p. 3. Finally, Defendant submits what it alleges were the Tour 18 Rose Creek Rules and Regulations in effect at the time the Master Member Agreements were signed. It includes the following, in the section entitled "Resignation of Membership," "Note: Rose Creek management may terminate a member at any time if deemed necessary." Rules and Regulations, p. 3. Plaintiffs contend Defendant's termination of the agreements was in violation of the terms thereof, because the terminations were not premised on violation of one or more rules by any Plaintiff. Rather, Plaintiffs argue, and Defendant essentially concedes, Defendant determined the Master Member Agreements were a detriment to its finances, and the Club finds itself at a financial crossroads. Terminating the Master Member agreements simply made financial sense for the

Defendant. As a result, Plaintiffs filed this action in the District Court of Oklahoma County alleging breach of contract. They seek declaratory and injunctive relief. Defendants removed the action to this Court. Plaintiffs reasserted their request for preliminary injunctive relief, requesting that the Court permit them to exercise their rights under the Master Member Agreement during the pendency of this action.

> To obtain a preliminary injunction, petitioners must show: "(1) a likelihood of success on the merits; (2) that they will [likely] suffer irreparable harm; (3) that the balance of equities tips in their favor; and (4) that the injunction is in the public interest." *Petrella v. Brownback*, 787 F.3d 1242, 1257 (10th Cir. 2015). *See also Glossip v. Gross*, 135 S. Ct. 2726, 2736 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (internal quotation marks and citation omitted); *see also Johnson & Johnson Vision Care, Inc. v. Reyes*, Nos. 15–4071, –4072, –4073, 2016 WL 7336568, at *3 (10th Cir. Dec. 19, 2016).
>> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.
>
> *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted). *See also Attorney General of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (primary goal of preliminary injunction is to preserve the pre-trial status quo). The grant or denial of a preliminary injunction lies within the sound discretion of the district court. *Amoco Oil Co. v. Rainbow Snow*, 748 F.2d 556, 557 (10th Cir. 1984). See also *Dine Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016).

*Wyoming v. United States Dep't of the Interior*, No. 2:16-CV-0280-SWS, 2017 WL 161428, at *3–4 (D. Wyo. Jan. 16, 2017).[2]

The Court finds that Plaintiffs have failed to meet their burden of establishing the preliminary injunctive relief is appropriate. There are fifty separate Plaintiffs. The Court has before it the affidavit of a single Plaintiff, Jeffrey Adkins alleging that the Rules and Regulations upon which Defendant relied to terminate the memberships were not in effect at the time the Master Member Agreements were executed and that he and other unidentified potential members made express inquiry regarding the grounds for termination by Tour18 prior to execution of the agreement. Mr. Atkins, however, cannot speak for the remaining forty-nine Plaintiffs with regard to their understanding of the grounds for potential termination. Furthermore, Mr. Adkins' testimony is contradicted by the declaration of Dennis Wilkerson, Tour 18's president, wherein he indicates those particular Rules were in place. Furthermore, the Master Membership Agreement indicates that the rules are "as established and published by Tour18" does not mandate that particular rules were effective and were to remain effective into perpetuity. The Court finds that in light of the substantial factual issues that Plaintiffs have not established a likelihood of success on the merits.

Furthermore, regardless of the merits of Plaintiffs' claims, the Court finds they have failed to establish they will suffer irreparable injury in the absence of the injunction.

---

[2] Defendant advocates for use of a heightened standard for granting mandatory injunctive relief, charactering the request for reinstatement of their Master Memberships pending outcome of this action as mandatory rather than prohibitory. *See Kikumura v. Hurley*, 242 F.3d 950, 955 10th Cir. 2001)(setting forth the types of injunctions that are disfavored and thus are subject to heightened burden). The Court need not decide whether this heightened standard applies, however, because Plaintiffs have failed to meet the lesser standard.

> The irreparable harm requirement is the "single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260–61 (10th Cir. 2004). "[M]erely serious or substantial" harm is not "irreparable" harm. *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir.2001) (quotation omitted). Rather, to constitute irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal citations omitted). Additionally, a plaintiff can meet this requirement only by demonstrating "a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003) (emphasis added). "It is...well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm," as such losses are compensable by monetary damages. *Heideman*, 348 F.3d at 1189.

I*ntelligent Office System, LLC v. Virtualink Canada, LTD.*, 2016 WL 687348, *5 (D.Colo. Feb. 18, 2016). Plaintiffs are not barred from playing golf at Rose Creek as the situation currently stands. They are free to play as non-member/open play participants at Rose Creek or other golf courses or to pay the monthly membership fee and join Rose Creek. In the event they ultimately prevail, each Plaintiff will be entitled to recover their damages from January 1, 2017 until the time of judgment in their favor. Despite the affidavits of Faye Haynie, Vicki Eckerd, and Penny Hammack, regarding the loss of the Lady Bug Tournament, which has apparently already been cancelled and thus cannot be remedied by an injunction, the Court finds that the inability to participate in the Women's Golf Association at Rose Creek insufficient to establish irreparable harm sufficient to warrant injunctive relief.[3] The remaining Plaintiffs present no evidence in support of their contention of irreparable harm, and the Court is unable on the current record to conclude

---

[3] Because the tournament has already been cancelled, an injunction is not appropriate, as injunctions are not designed to remedy past harm. *See Schrier v. University of Colorado*, 427 F.3d 1253, 1267 (10th Cir. 2005).

that such harm exists or is imminent. In light of Plaintiffs' failure to establish irreparable harm, the Court need not analyze the remaining equitable factors.

For the reasons set forth herein, the Court concludes that Plaintiffs are not entitled to preliminary injunctive relief having failed to establish irreparable harm. As such, the Court hereby DENIES Plaintiffs' motion. The Court, however, hereby orders Defendant to inform the Court within twenty-four hours of any offer to purchase Tour 18 or any of the assets related to Rose Creek or of any letter of intent with regard to the course or the related property owned by Tour18. The Court will conduct a Status and Scheduling Conference on April 6, 2017, at 10:00 a.m. the Joint Status/Schedule Report and Discovery Plan (one document) shall be filed not later than Thursday March 30, 2017.

IT IS SO ORDERED this 15th day of February 2017.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE