IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANDY BASS, TRUSTEE OF THE            )
ANDY BASS FAMILY TRUST, et al.,       )
                                      )
        Plaintiffs,                   )
                                      )
v.                                    )   Case No. CIV-17-006-R
                                      )
TOUR 18 AT ROSE CREEK, L.P.,          )
                                      )
        Defendant.                    )

# ORDER

Before the Court are the Motion for Summary Judgment filed by Defendant Tour 18 at Rose Creek, LP ("Tour 18") (Doc. No. 70) and Plaintiffs' Motion for Summary Judgment (Doc. No. 73). Plaintiffs responded in opposition to Defendant's motion and Defendant responded in opposition to Plaintiffs' motion, and both Plaintiffs and Defendant filed reply briefs. In addition, with leave of Court, Plaintiff filed a sur-reply, which drew a Motion to Strike from Defendant (Doc. No. 94), to which Plaintiffs objected. Defendant's Motion to Strike is hereby DENIED; the Court is capable of determining whether Plaintiffs' filing exceeded the scope of the permission granted by the Court. Furthermore, if the Court concluded that Plaintiffs had exceeded the scope of their authority, it could have ordered Defendant to file an additional brief. No such brief is necessary to dispose of the parties' motions, and thus the Court turns to the substance of the motions for summary judgment.

Summary judgment should be granted "if the pleadings together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." *Reeves v. Churchich*, 484 F.3d 1244, 1250 (10th Cir. 2007). When a motion for summary judgment "is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading" but must set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A disputed fact is "material" if it is essential to resolution of the claim under the relevant law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). A dispute is "genuine" if the evidence might sway a jury to return a verdict in favor of the non-movant. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011).

Plaintiffs each claim membership at Rose Creek Country Club, owned and operated by Defendant Tour 18, pursuant to a 2009 Master Membership Agreement. Tour 18 offered Master Memberships and sold fifty, utilizing substantively identical contracts. The Master Membership Agreement indicated that Tour 18 was in the process of purchasing the golf course and related amenities in the Rose Creek Development. In exchange for a payment of $30,000 to an escrow account held by Rose Rock Bank, Tour 18 agreed to provide each Master Member certain privileges.[1]

---

[1] Plaintiff Leroy James apparently served as architect on the project and reduced his fee by $30,000 in exchange for a Lifetime Membership, thus obtaining his membership in trade. Doc. No. 80-4, p. 35. Plaintiff Scott Sabolich paid $3,000 and was transferred a membership and Plaintiff Jason Thomas similarly received his membership in transfer. *Id.* at 50, 70. Defendant's motion includes facts regarding certain Plaintiffs, specifically those that it contends did not execute Master Membership Agreements. It argues, at footnote 3 of its motion, "[s]ee Material Fact Nos. 14 and 15 for the list of Plaintiffs who did not execute an Agreement or did not obtain an Agreement by valid transfer. For Plaintiffs who did not execute an Agreement, their claims should be dismissed." Doc. No. 70, p. 6. Plaintiffs do not dispute that certain spouses did not execute agreements, but contend they were entitled to Lifetime privileges. The Court finds raising the issue in a footnote is not sufficient, and thus declines to address Defendant's contention, which is not fully developed. This is especially true with regard to the decision by a signatory to transfer his membership to a trust in his own name.

> Member's payment of $30,000.00 shall constitute payment of Lifetime dues and entitle Member to Lifetime privileges at the Rose Creek Gold Club for his/her family including spouse and any children 22 years or younger, full time student, or still living at home.

Doc. No. 70-4. Without any fee, a Master Member could pass his or her membership to an immediate family member at any time. Upon death, absent contrary instructions in favor of a son or daughter, the membership would pass to the Master Member's spouse. For a $3,000.00 fee payable to Tour 18, a Master Member could sell the membership at any time. The Master Membership Agreement constrained Tour 18 in certain respects:

> In the event Tour 18 at Rose Creek, LP should sell, transfer, or otherwise dispose of the Rose Creek Golf Club, voluntarily or involuntarily, or discontinue operations of the Golf Club, the $30,000 will be refunded in full to the Masters Member.

*Id.* The contract provided the Master Members the right to book tee times up to fourteen days in advance and furnished twelve free guest rounds per year in addition to other recognitions not relevant to the instant dispute. The final paragraph of the Master Membership Agreement provides:

> Should Member's membership be terminated by Tour 18 **at any point in time pursuant to the club rules as established and published by Tour 18**, Member shall be entitled to a refund of his $30,000.00 less an amount equal to the number of months he has been a member multiplied by the monthly family dues member would have paid for a golf membership during the time period prior to his/her termination.

*Id.* (emphasis added). This provision was invoked by Tour 18 in a letter dated December 1, 2016, addressed to "All Master Members"

> Due to numerous issues with the Master Members, Tour 18 at Rose Creek, LP deems it necessary to terminate this agreement.
>
> Pursuant to the last paragraph of the Masters Membership Agreement

and the Rose Creek Rules and Regulations Resignation of Membership, Tour 18 at Rose Creek, LP is hereby terminating the Master Member Program effective January 1, 2017.

According to the last paragraph of the Master Membership Agreement, all of the original members have been amortized out based on our old family membership rate of $350.00 per month. July 15, 2009 through December 15, 2016 equals 89 months. 89 x $350.00 = $31,150.00.

Doc. No. 70-5.

Asserting that the termination of the Master Member Agreements was improper, Plaintiffs filed the instant action alleging breach of contract. The Court denied Plaintiffs' request for preliminary injunctive relief. As noted, both Plaintiffs and Defendant seek summary judgment. Plaintiffs contend the membership termination was in violation of the Master Member Agreement which should be considered without reference to the Rose Creek Rules & Regulations. However, even if the Court concludes the Master Member Agreement incorporated the Rules and Regulations by reference, Plaintiffs contend they are nevertheless entitled to summary judgment. Defendant argues it is entitled to summary judgment, because the Master Member Agreement incorporated by reference the Rose Creek Rules and Regulations, including the provision that "Rose Creek management may terminate a member at any time if deemed necessary." Defendant contends that for financial reasons it deemed termination of the Master Memberships necessary and that pursuant to the Master Member Agreement, no master members were entitled to a refund upon termination.

In order to prove a breach of contract, a plaintiff must prove three elements: (1) formation of a contract; (2) a breach of the contract; and (3) actual damages suffered from the breach. Interpretation of the Agreement is

governed by Oklahoma law. *See United States v. Hardage*, 985 F.2d 1427, 1433 (10th Cir.1993).

*Walker v. Builddirect.Com Techs. Inc.*, 2015 OK 30, ¶ 11, 349 P.3d 549, 553. There is no dispute that the Master Membership Agreement created a contract between the signatories. Defendant contends, however, that the terms of the agreement include provisions from the Rose Creek Rules and Regulations pursuant to incorporation by reference. Without incorporation by reference of the above-quoted provision from the Rose Creek Rules and Regulations Defendant lacked the right to terminate the Master Member Agreements in the manner undertaken in this case.

> A contract may include a separate writing or portions thereof, if properly incorporated by reference. *See Continental Supply Co. v. Levy*, 1926 OK 449, 121 Okla. 132, 247 P. 967; *Aetna Life Ins. Co. v. Bradford*, 1914 OK 636, 45 Okla. 70, 145 P. 316. As Samuel W. Williston explains, extrinsic material is properly incorporated when the underlying contract makes clear reference to the separate document, the identity of the separate document may be ascertained beyond doubt, and the parties to the agreement had knowledge of and assented to the incorporation. See 11 Williston on Contracts § 30:25 (4th ed.1999). Incorporation however, is ineffective to "accomplish its intended purpose when the provisions to which reference is made do not have a reasonably clear and ascertainable meaning." *Id*. When incorporated material is properly referenced, "that other document, or portions to which reference is made, becomes constructively a part of the writing," forming a single instrument. *Id*.; *See High Sierra Energy, L.P.*, 2010 OK CIV APP 96, ¶ 14, 241 P.3d 1139, 1144*; See also* Okla. Stat. tit. 15, § 158.

*Id.* Defendant contends the language in the final paragraph of each Master Membership Agreement, referencing termination "pursuant to the club rules as established and published by Tour 18," was effective to incorporate the provision granting it discretion to terminate membership as it deemed necessary.

The Court disagrees with Defendant's contention that the Rose Creek Rules and

Regulations were incorporated by reference into the Master Membership Agreement. The Master Member Agreement does not use specific words of incorporation. Although there are no magic words required for incorporation, *Walker*, ¶ 13, 349 P.2d at 553, the language must convey a clear intent to incorporate the terms. The undersigned concludes that use of the phrase "pursuant to" is insufficient to incorporate by reference either the entirety of the Rose Creek Rules and Regulations or any specific provision thereof into the Master Member Agreement. "Pursuant to" is not a term of art, nor does the phrase upon which Plaintiff relies in the Master Member Agreement reference any particular provision of the Rules and Regulations, nor is there a specific section of the Rules and Regulations devoted to termination of a Master Membership.[2]

> The term "pursuant to" has multiple meanings and its use does not automatically trigger incorporation of the referenced agreement or statute. "The term 'pursuant to' is generally defined as 'in compliance with; in accordance with; under [or] . . . as authorized by . . . [or] in carrying out.'" *United States v. DeCay*, 620 F.3d 534, 544 (5th Cir. 2010)(quoting Black's Law Dictionary (8th ed. 2004)). The context of the sentence determines whether the phrase merely references the source of an obligation or actively incorporates an extrinsic agreement. *See, e.g., In re Phar-Mor, Inc.*, 172 F.3d 270, 274 (3d Cir. 1999)(holding where court dismissed an action pursuant to the terms of the Settlement," phrase did not suffice to incorporate terms of the settlement agreement into the dismissal order).

*Alford v. Kuhlman Elec. Corp*, 716 F.3d 909, 914 (5th Cir. 2013).

Furthermore, even if "pursuant to" was sufficient to support Defendant's contention of incorporation, reference to the phrase "club rules as established and published by Tour 18" in the final paragraph of the Master Member Agreement was not sufficiently specific

---

[2] The Rose Creek Rules and Regulations contain provisions related to the termination of membership with regard to member behavior and violation of the Rules and Regulations which shall be addressed infra.

so as to effectively incorporate any provision of the Rose Creek Rules and Regulations. Extrinsic material is properly incorporated only if the underlying contract, here the Master Member Agreement, makes clear reference to the separate document, the identity of which may be ascertained beyond doubt. Referencing "club rules" is not tantamount to referencing the Rose Creek Rules and Regulations. *See Grandis Family Partnership, Ltd. v. Hess Corp.*, 588 F.Supp.2d 1319 (S.D. Fla. 2008)(concluding that by failing to reference a purchase order by using a proper noun and a reference generally to "purchase orders" was "oblique and without any indication that it was incorporating a specific document by reference into the contract."); *Briggs & Stratton Power Products Group LLC v. Generac Power Systems, Inc.*, 796 N.W.2d 234 (Wisc. Ct. App. 2011)("The capitalization of nouns also contributes to clear expression in a contract).

Additionally, because the allegedly incorporating language refers only to "rules" it is unclear which provisions of the Rose Creek Rules and Regulations regarding termination would apply even if the language of incorporation was sufficiently precise. The definition of "rule" is "[g]enerally, an established and authoritative standard or principle; a general norm mandating or guiding conduct or action in a given type of situation." Black's Law Dictionary (Seventh Ed. 1999). Thus, a reasonable person considering termination "pursuant to the Club rules" would believe that the rules would be those things that constrained their behavior as members. The Rose Creek Rules and Regulations contain two sections of delineated rules, some "General Club Rules" governing behavior and General Rules" under the Golf Rules and Regulations. Spread throughout the document are additional provisions that include, but are not limited to, rules, disclaimers, provisions

7

related to dues and gratuities, and provisions related to membership. Defendant relies exclusively on a clause addressing termination found in the section entitled "Resignation of Membership." In its entirety the section provides:

Resignation of Membership

> In the event of resignation. (sic) Written notice must be received at least thirty (30) days in advance. Upon receiving the letter, dues will stop on the date requested.
>
> Note: Rose Creek management may terminate a member at any time if deemed necessary.

Doc. No. 70-3. In addition to the Resignation of Membership provision, the Rose Creek Rules and Regulations contain two additional provisions that reference termination of membership. Immediately following Resignation of Membership is a section entitled "Conduct of Members:"

> Members in violation of the Rules and Regulations for conduct unbecoming a gentleman or lady or any conduct which tends to be against the best interest of the Club may be suspended or terminated from the Club. The Club management shall be the sole judge of what constitutes improper conduct.

*Id.* The final provision of the Rose Creek Rules & Regulations is a section entitled "Violations of any Rules and Regulations:"

> Any violations of the Rules and Regulations will result in disciplinary action by Club management. A warning letter will be sent for a first violation. A second violation will result in suspension for a period to be determined based on the seriousness of the violation. Upon a third warning, the membership will be terminated.

*Id.*

Defendant relies exclusively on broad deference that the clause in the Resignation of Membership provision purports to grant to Tour 18. It argues that it deemed termination

of the Master Membership Agreements as necessary because of the financial condition of the Club. Even if the Court were to find that termination provisions from the Rose Creek Rules and Regulations were incorporated by reference into the Master Member Agreements, it would not find the termination provision contained in the Resignation of Membership section would be so incorporated.[3]

It is apparent from the Rose Creek Rules and Regulations that not all members of Rose Creek are Master Members, as evidenced by the provision therein that "[m]embers' dues will be billed on a monthly basis." Master Members are members by virtue of a $30,000 original payment or a trade and owe no monthly dues. Although the Rules and Regulations do not identify any categories of membership, from the "Resignation of Membership" provision it is apparent that other unidentified categories of membership exist, because such members are provided the opportunity to resign with thirty days written notice, and dues will stop on the requested date. Master Members pay no dues after the initial $30,000 investment per unit. Clearly, the section entitled Resignation of Membership would not alert a Master Member as to the Defendant's retention of a right to terminate their membership without any particular reason because the section generally would be inapplicable. A Master Member seeking to avoid continued membership would transfer or sell the membership in lieu of resignation, which would result in loss of the entire $30,000 investment as there are no provisions in the Master Member Agreement for resignation. Overall, the Resignation of Membership Provision of the Rules and

---

[3] Alternatively the Court would find that the provision regarding termination located in the Resignation of Membership section creates an ambiguity as it relates to the Lifetime Membership purchased by Master Members, which ambiguity must be construed against the drafter, Tour 18.

9

Regulations was clearly intended to apply to memberships other than Master Memberships. Accordingly, while the Rules and Regulations provide information relevant to all club members, not every provision is equally applicable to every level of membership, and the provision upon which Defendant relies is one such provision.

Thus, even if the language of incorporation is considered sufficiently specific and even if the term "club rules" identifies beyond doubt the document to be incorporated, the Court concludes the Master Member Agreement makes no attempt to incorporate the entirety of the Rose Creek Rules and Regulations, referencing only rules and termination, and the Court would find that the Master Member Agreement incorporates by reference only those portions of the Rules and Regulations that relate to termination of membership, outside the Resignation of Membership section, that is "Conduct of Members" and "Violations of Any Rules and Regulations." Furthermore, if the Court did interpret the open-ended termination provision contained in the Resignation of Membership section as applying to Master Memberships, it would create an ambiguity when construed with the Lifetime provision of the initial contract and the termination provisions related to "conduct unbecoming" and those called for a progressive disciplinary system.

> Under Oklahoma law, the "whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others." Okla. Stat. tit. 15, § 157 (2011). Nevertheless, "[p]articular clauses of a contract are subordinate to its general intent." Okla. Stat. tit. 15, § 166 (2011). "Repugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clause, subordinate to the general intent and purposes of the whole contract." Okla. Stat. tit. 15, § 168 (2011). Thus, "[w]ords in a contract which are wholly inconsistent with its nature, or with the main intention of the parties, are to be rejected." Okla. Stat. tit. 15, § 169 (2011). Similarly, "[w]hen through fraud, mistake, or accident, a written contract fails to express the real

10

intention of the parties, such intention is to be regarded, and the erroneous parts of the writing disregarded." Okla. Stat. tit. 15, § 156 (2011).

*WLM Retail Trust v. Tramlaw Remainderman, L.P.*, 2018 IL APP (1st) 170819, ¶ 26, 2018 WL 170819, *5 (Feb. 16, 2018). Here, to adopt Defendant's interpretation would grant nearly free reign to Tour 18 to terminate the Lifetime memberships created by the Master Membership Agreements. In cases of uncertainty, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist. Okla. Stat. tit. 15 § 170. Defendant drafted both the Master Membership Agreement and the Rose Creek Rules and Regulations, and in the event the competing provisions of the two documents, or within one of the documents, cannot be reconciled, the contract should be construed against Defendant as drafter.

As set forth above, the Rules and Regulations reference more than a singular manner in which a membership may be terminated. As it pertains to persons who would resign, e.g. non-Master Members, the Rules & Regulations specifically note that Rose Creek Management may terminate a membership at any time it deems necessary. This phrase, which denotes discretion in favor of the Defendant, is in direct contrast to the other two provisions referencing termination of membership, one of which grants sole discretion to Defendant to terminate members whose behavior it deems unbecoming or against the best interest of the club, and one that provides a three-step progressive path to termination. These sections cannot be reconciled. To the extent the "deemed necessary" termination provision applies to all types of memberships, there would be no need for either of the other termination sections. Tour 18 could "deem necessary" termination for conduct unbecoming

a gentleman or lady or against the Club's best interest, without the need for a separate clause identifying this right. Similarly, the three-step process outlined in "Violations of any Rules and Regulations" would not be necessary, because the Club would be free to impose discipline, including termination, without first issuing a warning letter and suspending a membership. Additionally, Defendant's right to deem termination necessary at any time is antithetical to the concept of a Lifetime Membership that can be passed down or freely transferred to unrelated persons upon payment of a fee to Tour 18. The Court finds these provisions incompatible and irreconcilable, and finds that Plaintiffs are entitled to construction of their contract, including the termination provisions of the Rules and Regulations that are incorporated by reference, in their favor, so as to disallow termination of the Master Memberships under the "deemed necessary" provision contained in the "Resignation of Membership" section.

The Court's findings above lead to a single conclusion regarding Defendant's right to terminate the Master Membership Agreements in the manner undertaken in this case. The decision to terminate the program and amortize the Master Members' payments based on the $350.00 family membership rate was in violation of the contract, because the "deemed necessary" provision under the "Resignation of Membership" provision does not apply to Master Memberships. Accordingly, the Court finds that Defendant's action in terminating the Master Member Agreements violated each of the individual contracts.

Declaratory judgment regarding future sale is denied as moot, as the Court's order granting summary judgment to Plaintiffs effectively invalidates the January 1, 2017 termination of the Master Membership Agreements by Defendant. If and when the

conditions set forth in the Master Membership Agreement regarding sale, transfer, disposition or non-operation of the Club come to fruition, Plaintiffs will be entitled to enforce this contractual provision.

Plaintiffs' Motion for Summary Judgment is GRANTED as set forth herein, their request for declaratory relief regarding events that may occur in the future is denied as premature. Defendant's Motion for Summary Judgment is DENIED. Defendant's Motion for Protective Order is DENIED AS MOOT.

IT IS SO ORDERED this 30th day of March 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE